# Jacob Stoke, Plff. in Err., *v.* Annie M. Miller, by her Next Friend.

Words spoken of a single woman, impliedly charging her with degradation of character, and which justify a jury in finding that the intent was to impute to her an act of fornication, are clearly actionable.

Evidence as to the common understanding of the words used was held to be irrelevant.

(Decided May 31, 1886.)

NOTE.—Words which impute a want of chastity are actionable *per se;* thus, to accuse of fornication (Swalm v. Walbourn, 15 Lanc. L. Rev. 118; Long v. Fleming, 2 Miles [Pa.] 104; Walton v. Singleton, 7 Serg. & R. 449, 10 Am. Dec. 472); or of adultery (Rhoades v. Anderson [Pa.] 12 Cent. Rep. 727, 13 Atl. 823; Hartranft v. Hesser, 34 Pa. 117). If the crime be not directly charged, the action may be maintained where the words impute the crime, as in STOKE v. MILLER; Klumph v. Dunn, 66 Pa. 141, 5 Am. Rep. 355; Walton v. Singleton, 7 Serg. & R. 449, 10 Am. Dec. 472; Beirer v. Bushfield, 1 Watts, 23. If the words used be not actionable *per se,* an innuendo must be laid, averring the inference to be drawn. Evans v. Tibbins, 2 Grant, Cas. 451; Moles v. Crozier, 31 Pittsb. L. J. N. S. 216.

As to libel and slander in general, see the following editorial notes presenting the authorities on their respective branches of that subject: What constitutes, in general, notes to Morey v. Morning Journal Asso. 9 L. R.

Error to the Common Pleas of Lancaster County to review a judgment on a verdict for plaintiff in an action on the case for slander. Affirmed.

The declaration alleged, *inter alia,* that "the said defendant . . . did speak and utter the following false, scandalous, and defamatory words, to wit:

" 'Annie Miller had got crab lice on her, and to destroy them she used turpentine and it ran into her private parts and made her scream at a great rate and waken up the whole family. And I cast it up to her father and he did not deny it.' ' It's true, she had crab lice and must have got them from her lover.' Thereby meaning and intending, the said Annie M. Miller had been guilty of fornication, obscenity, impurity, and gross filthiness of person. . . .

"And the said plaintiff further says that by reason of the

A. 621, and State v. Armstrong, 13 L. R. A. 419; as to what constitutes publication, note to State v. Armstrong, 13 L. R. A. 419; blacklisting dealer, note to Weston v. Barnicoat, 49 L. R. A. 612; malice as an element, notes to Byam v. Collins, 2 L. R. A. 129, and John W. Lovell Co. v. Houghton, 6 L. R. A. 363; words charging solicitation to crime, note to State v. Butler, 25 L. R. A. 434; criticism of public persons, notes to Sillars v. Collier, 6 L. R. A. 680, Price v. Conway, 8 L. R. A. 193, and Burt v. Advertiser Newspaper Co. 13 L. R. A. 97; libel or slander by expressing opinions or comments without misstating facts, note to St. James Military Academy v. Gaiser, 28 L. R. A. 667; imputing incompetency to physicians, note to Tarleton v. Lagarde, 26 L. R. A. 325; injury to business or professional standing, notes to Price v. Conway, 8 L. R. A. 193, and Morey v. Morning Journal Asso. 9 L. R. A. 621; imputing insolvency or want of credit, note to Hayes v. Press Co. 5 L. R. A. 643; truth as a defense to libel or slander, Warner v. Clark, 21 L. R. A. 502; mutual vituperation or defamation as affecting remedy for libel or slander, note to Goldberg v. Dobbertine, 28 L. R. A. 721; copying articles from other papers, notes to Arnott v. Standard Asso. 3 L. R. A. 69, and Hayes v. Press Co. 5 L. R. A. 645; liability of newspaper proprietor for libel published without his knowledge or consent, note to State v. Mason, 26 L. R. A. 779; liability of officers of corporation for its libelous publication, note to Nunnelly v. Southern Iron Co. 28 L. R. A. 427; liability of husband for wife's libel and slander, note to Morgan v. Kennedy, 30 L. R. A. 521; privilege as to defamatory words in pleading, note to Randall v. Hamilton, 22 L. R. A. 649; privilege of witness as to defamatory testimony, note to Cooper v. Phipps, 22 L. R. A. 836.

said false, scandalous, and defamatory words, she has suffered special injury in her good name, fame, and reputation."

The plaintiff proved the speaking of the words as laid, but did not offer to prove that they were understood as charged in the innuendo.

· The proof of special damages was confined to loss of sleep, injury to health, pain and suffering, bodily and mental, loss of happiness and peace of mind, and capacity to do her usual household work.

The court disallowed defendant's offer to prove by physicians that having "crab lice" by an unmarried person does not indicate or prove "that such unmarried person had been guilty of fornication, obscenity, impurity, and gross filthiness of person," and such is not the common or proper understanding on the subject. [Fifth assignment of error].

Defendant's first point was as follows:

"1. As Annie M. Miller, the plaintiff in this case, is a private person, the words laid in the first count in the declaration are not actionable, because they do not contain an imputation against the plaintiff of an indictable offense of an infamous character, and subject to an infamous and disgraceful punishment; therefore the verdict of the jury should be in favor of the defendant on said first count in the declaration."

Answer:

"If the jury, from the evidence, believe and find that defendant uttered and published the words laid in the *narr.,* and that, in uttering the words so laid in the *narr.,* he intended to charge and cause it to be believed that Miss Miller had been guilty of the crime of fornication, a crime which would put her in peril of loss of social standing and companionship, and being indictable, and attaching to her impurity, depravity, and moral turpitude, then the words are actionable, and the plaintiff would be entitled to your verdict for at least nominal damages, without proving any malice, or special damage, for both malice and damage or injury would then be implied. If the jury find that the words as charged do not charge, or were not intended to charge or impute, that Miss Miller had been guilty of fornication, then she is not entitled to a verdict, unless she has satis-

fied you that the words were uttered maliciously, and that she has suffered special injury and damage."

The plaintiff excepted to this answer and made it the sixth assignment of error.

Verdict for the plaintiff for $1, the defendant to pay the costs. The defendant took this writ, assigning, *inter alia,* the above as errors.

*J. W. Johnson,* for plaintiff in error.—No action could have been maintained if there had been a direct charge of fornication. Goslin v. Morgan, 32 Pa. 273, and a long line of cases leading to it; Colbert v. Caldwell, 3 Grant, Cas. 186; Stitzell v. Reynolds, 67 Pa. 56, 5 Am. Rep. 396.

The words in the *narr.* do not charge fornication. There is no evidence that anyone so understood them. We offered to prove that such is not the common understanding. "Unless the words, therefore, without torturing them, imply a charge of felony, neither the innuendo nor the verdict will help them." McClurg v. Ross, 5 Binn. 220.

*W. A. Wilson,* for defendant in error.—Words are actionable "whenever they impute an offense of moral turpitude, punishable in the temporal courts." Klumph v. Dunn, 66 Pa. 146, 5 Am. Rep. 355; Shaffer v. Kintzer, 1 Binn. 537, 2 Am. Dec. 488; McClurg v. Ross, 5 Binn. 218; Andres v. Koppenheafer, 3 Serg. & R. 255, 8 Am. Dec. 647; Gosling v. Morgan, 32 Pa. 273; Beck v. Stitzel, 21 Pa. 522.

The danger of punishment is not a necessary element. Indeed, it is declared that words may be actionable, although the offense imputed be barred by the statute, or the punishment already inflicted.

It is expressly decided in Vanderlip v. Roe, 23 Pa. 82, Walton v. Singleton, 7 Serg. & R. 449, 10 Am. Dec. 472, and Evans v. Tibbins, 2 Grant, Cas. 451, that words imputing fornication are actionable.

The same doctrine is also held in other states, in some of which fornication is not even an indictable offense. Smalley v. Anderson, 2 T. B. Mon. 56, 15 Am. Dec. 121; Wilson v. Rob-

bins, Wright (Ohio) 40; McBrayer v. Hill, 26 N. C. (4 Ired. L.) 136; Ricket v. Stanley, 6 Blackf. 169; Joralemon v. Pomeroy, 22 N. J. L. 271.

The sense in which words are received by the world is the sense which courts of justice ought to ascribe to them on the trial of actions for slander. Slander imputes an injury; and the injury must arise from the manner in which the slanderous language is understood. Rue v. Mitchell, 2 Dall. 58, 1 L. ed. 288, 1 Am. Dec. 258; Call v. Foresman, 5 Watts, 331; Bricker v. Potts, 12 Pa. 200; Lukehart v. Byerly, 53 Pa. 418; Stitzell v. Reynolds, 59 Pa. 488.

The following words have been held actionable: "She is a loose character,—a bad character." Vanderlip v. Roe, 23 Pa. 82. "You got to bed with Sarah M." Walton v. Singleton, 7 Serg. & R. 449, 10 Am. Dec. 472. "Plaintiff and one A. B. were caught together in the packing room." Evans v. Tibbins, 2 Grant, Cas. 451.

In none of these cases was there any specific evidence offered to show expressly that the hearers understood the ambiguous words to imply fornication. A court may properly take notice of the import of words in popular parlance. Call v. Foresman, 5 Watts, 331.

And the jury is the proper tribunal to pass upon the truth of the innuendo. Dottarer v. Bushey, 16 Pa. 208.

If the words are not actionable, the special damages alleged and proved will support the verdict and judgment. 1 Starkie, Slander & Libel, p. 2; 2 Greenl. Ev. 14th ed. § 414, note; Pennsylvania & O. Canal Co. v. Graham, 63 Pa. 290, 3 Am. Rep. 549; Scott Twp. v. Montgomery, 95 Pa. 444; Bradt v. Towsley, 13 Wend. 253; Fuller v. Fenner, 16 Barb. 333.

Words imputing merely a want of chastity are not actionable *per se.* Special damages must be alleged and proved; but any special damage, however slight, will sustain the action. Ross v. Fitch, 58 Tex. 148.

PER CURIAM:

The words averred in the declaration and proved on the trial are clearly actionable. Spoken of a single woman, they im-

pliedly charge her with degredation of character, and justified the jury in finding that the intent was to impute to her an act of fornication, which is an indictable offense under the laws of this commonwealth.

Judgment affirmed.